UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
RATNA PRABHAKAR, *pro se*,   :
                                                        :
            -against-   :   **MEMORANDUM AND ORDER**
                                                          :
LIFE INSURANCE COMPANY OF NORTH   :   09-cv-5530 (DLI) (VVP)
AMERICA,   :
                                                        :
                       Defendant.   :
------------------------------------------------------------ x
**DORA L. IRIZARRY, United States District Judge:**

    *Pro se* plaintiff, Ratna Prabhakar, filed the instant action against defendant, Life Insurance Company of North America ("LINA"), pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA") alleging that defendant improperly terminated her long term disability benefits. Defendant filed the instant motion seeking dismissal, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief may be granted. Plaintiff opposed the motion. For the reasons set forth below, defendant's motion is denied.[1]

## BACKGROUND

    Plaintiff sustained injuries to her head and right leg while working at State Farm Insurance Company ("State Farm") on December 12, 1989. (Compl. ¶ 1.) As a result, plaintiff was diagnosed as permanently disabled and unable to perform any type of work in any capacity. (Compl. ¶ 2.) Plaintiff's doctor also found that there was no available treatment which would allow plaintiff to return to work. (*Id.*) During subsequent visits to psychiatrists, plaintiff was diagnosed with "Organic Mental Disorder secondary to concussion, affective type

---

[1] As defendant's motion to dismiss is denied, the court also denies as moot Plaintiff's August 30, 2010 request to respond to defendant's reply in support of its motion to dismiss. (Docket Entry No. 16.)

1

and Organic Mood Disorder," and symptoms of "diffuse brain dysfunction," "severe depression and anxiety" and "organic mental syndrome."   (Compl. ¶ 3-4.)

Plaintiff obtained disability insurance coverage from LINA through her employment with State Farm.  Plaintiff received the disability benefits from LINA from March 17, 1991 until December 12, 2003, at which time LINA ceased to provide benefits to plaintiff because "the weight of evidence in plaintiff's claim file d[id] not support [her] inability to perform [her] regular occupation or any occupation."   (Compl. ¶ 6, 8.)

Plaintiff appealed LINA's decision to deny benefits to plaintiff, but LINA denied all three appeals.  (Compl. ¶ 9.)   LINA denied the final appeal on March 10, 2005 because it determined that it lacks medical evidence to support a finding that plaintiff is "totally disabled" from her occupation, thus plaintiff does not meet the definition of "disability" and does not qualify for long term disability benefits.  (Compl., Ex. E.)   Plaintiff claims that her condition has continued to decline and that she sent LINA evidence of all reports and notes indicating such decline.   (Compl. ¶ 12.)   Plaintiff brought this complaint on December 16, 2009 for reimbursement of all past disability payments, interest and costs, due to LINA's violation of plaintiff's long term disability contract under the State Farm group insurance plan.  (*See* Compl. ¶ 15.)

Defendant now moves to dismiss plaintiff's complaint as time-barred pursuant to Fed. R. Civ. P. 12(b)(6), because the insurance policy includes a three-year limitations period for plaintiff to bring a legal action.   As the final denial of claims occurred on March 10, 2005 and the complaint was brought four and a half years later, defendant argues that plaintiff's claims are time-barred.   Plaintiff, however, alleges that the version of the policy she received from State

Farm did not contain a limitations period for bringing a legal action, thus the six-year statutory limitations period applies and plaintiff's claims are timely.

## DISCUSSION

### I.     Legal Standards

Rule 12(b)(6) of the Federal Rules of Civil Procedure states that a defendant may move, in lieu of an answer, for dismissal of a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To determine whether dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is appropriate, "a court must accept as true all [factual] allegations contained in a complaint" but need not accept "legal conclusions."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  For this reason, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to insulate a claim against dismissal.  *Id*.  Moreover, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "  *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint . . . has not shown that the pleader is entitled to relief."  *Id.* at 1950 (internal citations and quotation marks omitted).

In reviewing plaintiff's complaint, the court is mindful that, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  A district court must nevertheless dismiss an *in forma pauperis* action when it fails to state a claim on which relief can be granted.  28 U.S.C. § 1915(e)(2)(B)(ii) (1996).

**II. Analysis**

*A. Statute of Limitations for ERISA Actions*

The ERISA statute provides a plan beneficiary with a federal right of action to recover benefits due under the beneficiary's plan. *See* 29 U.S.C. § 1132(a)(1)(B). The statute does not provide a limitations period for actions under Section 1132, so "the controlling limitations period is that specified in the most nearly analogous state limitations statute." *Miles v. New York State Teamsters Conference Pension and Ret. Fund Employee Pension Benefit Plan*, 698 F.2d 593, 598 (2d Cir. 1983). The Second Circuit has held that, in New York, the six-year statute of limitations for breach of contract claims generally governs ERISA claims for denial of benefits. *Id.*; *see also* C.P.L.R. § 213. However, pursuant to N.Y. C.P.L.R. § 201, the parties may shorten the limitations period as long as the shortened period is prescribed by a written agreement between the parties. *See Smith v. First UNUM Life Ins. Co.*, 1999 WL 369958, at *3 (E.D.N.Y. Jun. 2, 1999); *Patterson-Priori v. Unum Life Ins. Co. of America*, 846 F. Supp. 1102, 1005 n. 5 (E.D.N.Y. 1994).

*B. The Applicable Version of the Insurance Policy*

To determine whether the limitations period for an ERISA action has been properly shortened, the court must first identify the applicable insurance policy. The ERISA statute requires that the employee benefit plan "be established and maintained pursuant to a written instrument." 29 U.S.C. § 1102(a)(1). This requirement is "central to our analysis of ERISA plans because it serves two of the primary goals of ERISA: informing employees of the benefits to which they are entitled, and providing some degree of certainty in the administration of benefits." *Feifer v. Prudential Ins. Co. of America*, 306 F.3d 1202, 1208 (2d Cir. 2002) (internal citations and quotation marks omitted). In the instant case, while the parties agree that

there was a written insurance policy in place, each relies on a different version of the policy. The versions of the policy appear to be substantively similar, except defendant's version contains an extra provision shortening the statute of limitations to three years after the time within which proof of loss is required by the policy.[2]  (*See* Mot., Ex. 1; Opp., Ex. 1.)  Plaintiff's version does not contain any language regarding the statute of limitations for bringing a legal action to recover on the policy.  (*See* Opp., Ex. 1.)

Defendant argues that its version of the policy, and, thus, the three-year limitations period, should be binding for several reasons.  The court rejects each in turn.  First, defendant asserts that "as a matter of law, the Policy at issue here contains a three year [sic] statute of limitations." (Reply at 3.)  However, defendant fails to provide any support for this conclusory statement, and there appears to be no basis for it.  *See e.g. Dominici v. Between the Bridges Marina*, 375 F. Supp. 2d 62, 70 n. 4 (D. Conn. 2005) (denying motion to dismiss plaintiff's complaint where plaintiff alleged that he did not receive notice of the clause at issue due to a missing page in the contract because further factual development was necessary to determine, *inter alia*, "whether the physical characteristics of the contract reasonably communicated the existence of the clause, and the circumstances surrounding the signing of the contract permitted the plaintiff to become meaningfully informed of the contractual terms at stake") (internal citations and quotation marks omitted); *Tangorre v. Mako's Inc.*, 2003 WL 470577, at *11 (S.D.N.Y. Jan. 6, 2003) (declining

---

[2] Defendant's version of the policy contains the following language:  "LEGAL ACTIONS: No action at law or in equity will be brought to recover on the policy until at least sixty days after proof of loss has been filed with the Insurance Company.  No action will be brought at all unless brought within 3 years . . . after the time within which proof of loss is required by the policy." (*See* Mot., Ex. 1.)  This paragraph is clear and unambiguous.  It also comports with N.Y. Ins. Law § 3216(d)(1)(K), which requires any health insurance policy issued for delivery to any person in New York State to contain the following language or language similar enough as to not be less favorable in any respect to the insured or the beneficiary:  "LEGAL ACTIONS: No action at law or in equity shall be brought to recover on this policy prior to the expiration of sixty days after written proof of loss has been furnished in accordance with the requirements of this policy. No such action shall be brought after the expiration of three years after the time written proof of loss is required to be furnished."

to hold that plaintiff is bound by provisions on a page of the contract plaintiff contends it was never presented with, because there exists a dispute of fact regarding whether plaintiff ever saw the page of the contract at issue). Furthermore, it is unclear from looking at the two versions of the policy which version should apply. The pagination of plaintiff's version of the policy does not indicate that any pages or information might be missing. The page in defendant's version of the policy that contains the "legal actions" clause at issue is labeled "Page 1 of 2" and is inserted between pages labeled "Page 11" and "Page 12." (*See* Mot., Ex. 1.) As a result, it is not evident to the court, nor could plaintiff have known from looking at the policy, that any information was missing from plaintiff's version.

Second, defendant asserts that "it is the employer's responsibility, and not the insurer's, to furnish a copy of the policy to an employee," so whether the page of the policy establishing the applicable statute of limitations period was omitted from plaintiff's version of the policy is irrelevant. (*See* Reply at 3.) Even if that statement is true, the assertion that it is the employer's responsibility to furnish a copy of the policy to an employee does not address the issue of which policy should be applied where, as here, the insurer and policyholder hold different versions of the policy at issue. Additionally, the limited citations provided by defendant in support of this argument merely (i) stand for the proposition that employers must furnish employees with summary forms of benefit plans and (ii) provide the circumstances under which the summary plan description trumps the plan. *See Sheehan v. Metropolitan Life Ins. Co.*, 368 F. Supp. 2d 228 (S.D.N.Y. 2005); 29 U.S.C. §§ 1022, 1024. Thus, they are inapposite to the issue of which version of the policy should be applied here. Moreover, if plaintiff's version of the policy did not contain the information regarding the applicable limitations period for bringing legal action, then plaintiff would not have proper notice of her benefits or the

6

administration of those benefits under the policy. Thus, if the three-year limitations period is enforced, one of the primary goals of ERISA, "informing employees of the benefits to which they are entitled," would not be met. See *Feifer*, 306 F.3d at 1208.

Third, defendant asserts that its version of the policy should be applied because the policy attached to plaintiff's affidavit includes a cover letter from State Farm enclosing the policy. (Reply at 3.) However, the December 30, 1993 cover letter merely states that it enclosed the long term disability contract in effect for the 1990 plan year. It does not include the number of pages enclosed or any other information that would support defendant's assertion that plaintiff was given the policy that included the provision regarding the three-year limitations period to bring legal claims. Thus, the December 30, 1993 cover letter from State Farm enclosing the policy does nothing to support defendant's assertion that the court should apply the limitations provision in its version of the policy.

Although further discovery might reveal that plaintiff did, as defendant claims, "conveniently lose" the insurance policy page at issue, this fact-based determination cannot be made on a motion to dismiss. See *Frey v. Bekins Van Lines, Inc.*, 2010 WL 4358373, at *4-*5 (E.D.N.Y. Oct. 25, 2010) (declining to dismiss claims pursuant to Rule 12(b)(6) where questions of fact were raised with respect to those claims).

  C. *Accrual of Plaintiff's ERISA Claim for Benefits*

There is no dispute that plaintiff's claims accrued on March 10, 2005, the date that LINA formally denied plaintiff's third and final appeal to LINA to reconsider its termination of her long-term disability benefits. (*See* Compl., Ex. E); *see also Larsen v. NMU Pension Trust of NMU Pension & Welfare Plan*, 902 F.2d 1069, 1073 (2d Cir. 1990) (in the Second Circuit, an ERISA cause of action accrues and the statute of limitations begins to run, "when there has been

7

a repudiation by the fiduciary which is clear and made known to the beneficiaries" (quoting *Miles*, 698 F.2d at 598)). Plaintiff brought this action on December 16, 2009, four and a half years after the formal denial of benefits. Therefore, were the court to apply plaintiff's version of the policy, and, thus, the six-year statutory limitations period for bringing a legal action, plaintiff's complaint would be timely.

## CONCLUSION

After accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in plaintiff's favor, there remains a question of fact as to which version of the insurance policy, and, thus, which limitations period, should apply to plaintiff's claim. Accordingly, defendants' motion to dismiss is denied in its entirety.

SO ORDERED.

Dated: Brooklyn, New York
      March 8, 2011

/s/
DORA L. IRIZARRY
United States District Judge